

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4/19/2011

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PHILLIP JOSEPH,

    Petitioner,

  vs.

DOMINGO URIBE, JR.,

    Respondent.

Case No. SACV 11-541-AHS (RNB)

ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS FOR LACK OF SUBJECT
MATTER JURISDICTION

On April 7, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.  Petitioner purports to be making various challenges to his sentence, including a sentencing error claim based on the Supreme Court's 2007 decision in <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

It appears from the face of the Petition that it is directed to the same judgment of conviction as the prior habeas petition filed by petitioner in this Court on May 17, 2000, in Case No. SACV 00-467-AHS (SGL). On December 24, 2002, Judgment was entered in Case No. SACV 00-467-AHS (SGL) denying the petition and dismissing the action with prejudice.  Petitioner filed an appeal from that Judgment, but his requests for a certificate of appealability were denied in turn by this Court and the Ninth Circuit.

1

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

>> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)    (A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

>>        . . .

>> (C)    The court of appeals may authorize the filing of a second or successive application only if it determines that the

1      *application makes a prima facie showing that the application*

2      *satisfies the requirements of this subsection.*

3      . . .

4      *(4)    A district court shall dismiss any claim presented in a*

5      *second or successive application that the court of appeals has*

6      *authorized to be filed unless the applicant shows that the claim satisfies*

7      *the requirements of this section.*

8

9      The Petition now pending constitutes a second and/or successive petition

10 challenging the same judgment of conviction as petitioner's prior habeas petition in

11 Case No. SACV 00-467-AHS (SGL), within the meaning of 28 U.S.C. § 2244(b).

12 Thus, to the extent that petitioner is now purporting to raise sentencing error claims

13 previously raised in Case No. SACV 00-467-AHS (SGL), § 2244(b)(1) compels

14 dismissal of those claims.

15      To the extent that petitioner is now purporting to raise any new sentencing

16 error claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from

17 the Ninth Circuit authorizing the District Court to consider the Petition, prior to his

18 filing of it in this Court.  See Cooper v. Calderon, 274 F.3d 1270, 1275 (9th Cir.

19 2001), cert. denied, 538 U.S. 984 (2003).  Such permission will be granted only if

20 "the application makes a prima facie showing that the application satisfies the

21 requirements of [Section 2244(b)]."  See id.  Only after the Circuit has made the

22 initial determination that the petitioner has made a prima facie showing under §

23 2244(b)(2) does the district court have any authority to consider whether the

24 petitioner has, in fact, met the statutory requirements of § 2244(b).   Under §

25 2244(b)(4), the petitioner must make "more than another prima facie showing" in the

26 district court; the "district court must conduct a thorough review of all allegations and

27 evidence presented by the prisoner to determine whether the [petition] meets the

28 statutory requirements for the filing of a second or successive petition."  See United

1  States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000).

2  Since petitioner's prior petition in Case No. SACV 00-467-AHS (SGL) was

3  denied on the merits, this case is distinguishable from the other cases in which

4  permission from the Circuit to file a subsequent petition has been found unnecessary.

5  For example, the Petition now pending does not raise a claim raised in a prior petition

6  that was dismissed without prejudice as unexhausted.  See Slack v. McDaniel, 529

7  U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).  Nor does it raise a claim

8  raised in a prior petition that was dismissed without prejudice as premature.  See

9  Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45, 118 S. Ct. 1618, 140 L. Ed. 2d

10  849 (1998).

11  While it does not appear to the Court that petitioner can make the requisite

12  showing that any of his sentencing error claims "relies on a new rule of constitutional

13  law, made retroactive to cases on collateral review by the Supreme Court, that was

14  previously unavailable," that is a determination for the Ninth Circuit to make in the

15  first instance.  Petitioner's failure to secure an order from the Ninth Circuit

16  authorizing the District Court to consider any new sentencing error claims being

17  alleged in the Petition now pending, prior to his filing of the Petition in this Court,

18  deprives the Court of subject matter jurisdiction.[1]  See Cooper, 274 F.3d at 1274.

19  //

20  //

21  //

22  //

23  //

24  //

25  

26  [1]  The Court notes that this is the second successive habeas petition filed

27  by petitioner.  On August 25, 2008, Judgment was entered in Case No. SACV 08-
882-AHS (RNB), summarily dismissing that action for lack of subject matter

28  jurisdiction.

4

1   IT THEREFORE IS ORDERED that this action be summarily dismissed
2   pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States
3   District Courts.
4   LET JUDGMENT BE ENTERED ACCORDINGLY.
5
6   DATED:          APR 1 8 2011
7
8                                              ALICEMARIE H. STOTLER
9                                              UNITED STATES DISTRICT JUDGE
10  Presented by:
11
12  Robert N. Block
    United States Magistrate Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5